# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**WALEE AL-DIN**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:11-CR-97

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [x] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [x] under 18 U.S.C.§924(c).
- [x] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendants in this case were found by the grand jury to be members of a violent street gang known as The Block Burners, which used acts of violence, often involving firearms, to obtain drugs and drug proceeds (i.e., steal from other drug dealers and/or users). In the incident giving rise to this case in particular, defendants conspired to enter into a particular residence in Lansing to steal, or seize by force, marijuana from an occupant in the residence. In the process, a woman named Shayla Johnson was murdered. (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community in light of the unrebutted presumption that defendant is a danger to the community and a flight risk. Even absent the presumption, defendant's involvement with a street gang organized for the very purpose of committing violent thefts from other outlaws and using firearms to accomplish their purpose (to the extent that a person has been killed), coupled with his reliance on drugs, (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 18, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **WALEE AL-DIN**
1:11-CR-97
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

Defendant has had marginal employment for the past three years (earning only $400.00 per month).  He has used marijuana for the past 7 to 8 years on an every-other-day basis.  He has experimented with Ecstacy on two occasions.  While his mother has offered to allow him to live in her home, it is significant that over the past 7 or 8 years she has apparently been unaware of his marijuana use.  He is also a frequent user of alcohol.

Although defendant is only 21, he has over the past 5 years been charged on ten separate occasions with violations of the law, including the present charges.  He has several previous failures to appear.  This is a death penalty case.

**Part II - Written Statement of Reasons for Detention** - (continued)

satisfies the government's burden of showing by clear and convincing evidence that there are no combination of conditions that will assure the safety of the community while the defendant is on the street.